UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEREMY H.,

                                  Plaintiff,

v.                                                      1:20-CV-1277
                                                           (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                                  Defendant.
_____

APPEARANCES:                                      OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC    KENNETH HILLER, ESQ.
  Counsel for Plaintiff
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                 KRISTINA COHN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

       The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 18.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.**       **RELEVANT BACKGROUND**

## A.     Factual Background

Plaintiff was born in 1981.  (T. 395.)  He completed the 11th grade.  (T. 501.) Generally, Plaintiff's alleged disability consists of back and neck injury, learning disability, attention deficit hyperactivity disorder ("ADHD"), and oppositional defiance disorder ("ODD").  (T. 500.)  His alleged disability onset date is October 18, 2015.  (T. 395.)

## B.     Procedural History

On September 18, 2017, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  (T. 395.)  Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ").  On July 16, 2019, Plaintiff appeared before the ALJ, William M. Weir.  (T. 96-136.)  On August 19, 2019, ALJ Weir issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 80-95.)  On July 16, 2020, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

## C.     The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 85-91.)  First, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 18, 2017.  (T. 85.)  Second, the ALJ found Plaintiff had the severe impairments of: cervical and lumbar degenerative disc disease. (*Id*.)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P,

Appendix. 1.  (T. 86.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as denied in 20 C.F.R. § 416.967(a), except he can perform work with frequent, but not constant, rotation, flexion, extension, and contraction of the neck.  (*Id*.)[1]  Fifth, the ALJ determined Plaintiff had no past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 90-91.)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes two separate arguments in support of his motion for judgment on the pleadings.  First, Plaintiff argues the ALJ failed to properly develop the record.  (Dkt No. 15 at 20-21.)  Second, and lastly, Plaintiff argues the ALJ's RFC determination was based on his lay opinion.  (*Id*. at 22-24.)  Plaintiff also filed a reply in which he reiterated his original arguments.  (Dkt. No. 17.)

### B.   Defendant's Arguments

In response, Defendant makes one argument.  Defendant argues the ALJ's RFC is supported by substantial evidence.  (Dkt. No. 16 at 1015.)

## III.  RELEVANT LEGAL STANDARD

### A.   Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v.*

---

[1] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 416.967(a).

3

*Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In

4

other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.     Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. § 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

### IV.    ANALYSIS

Plaintiff's presents two related arguments.  Plaintiff first agues, "[g]iven the fact that the state-agency consultants opined that there was insufficient evidence in the record and that said opinions were the only medical opinions of record; the ALJ had a duty to develop the record further with regard to Plaintiff's limitations and order consultative examinations."   (Dkt. No. 15 at 21.)  Secondly, Plaintiff argues due to the ALJ's failure to order a consultative examination, "the ALJ's residual functional capacity

assessment could not have been based on the findings of any consultative examiner." (*Id*.)  Essentially Plaintiff argues the record did not contain a medical opinion and therefore the record was insufficient to support the RFC.  Plaintiff's arguments fail.

### A. Mental Impairments

Plaintiff argues the ALJ failed to fully develop the record regarding his mental impairments.  (Dkt. No. 15 at 20-21.)  Plaintiff asserts the record was insufficient and the ALJ had a duty to order a consultative examination.  (*Id*.)  For the reasons outlined below, Plaintiff's argument is without merit.

Plaintiff's argument is misplaced and attempts to shift his burden of establishing a severe impairment to the ALJ.  In general, Plaintiff bears the burden of establishing a medically determinable impairment.  20 C.F.R. § 416.921 ("[A] physical or mental impairment must be established by objective medical evidence from an acceptable medical source. We will not use your statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s).").  Only medically determinable impairments can be found severe.  *See id*. § 416.921 ("After we establish that you have a medically determinable impairment(s), then we determine whether your impairment(s) is severe.").  Plaintiff also bears the burden of presenting evidence establishing severity. *Smith v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 270, 276 (W.D.N.Y. 2018) (quoting *Taylor v. Astrue*, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012)); *see also* 20 C.F.R. § 416.912(a).

Although Plaintiff alleged in his written application for benefits that he had limitations due to various mental impairments, Plaintiff failed to provide the required objective medical evidence from an acceptable medical source to support his

allegations. (T. 389); 20 C.F.R. § 416.921. At step two the ALJ properly concluded the record did not contain evidence of mental health treatment or a specific diagnosis by an acceptable medical source for a mental impairment. (T. 85-86.) The ALJ noted the Administration requested records from Plaintiff's school, but none were provided. (T. 85, 1180.) In addition, Plaintiff's counsel informed the ALJ there were no outstanding documents. (T. 98-99.) Therefore, based on the lack of evidence in the record to support Plaintiff's allegations of a mental impairment, the ALJ properly determined Plaintiff did not suffer from a severe mental impairment. (*Id*.)

Plaintiff does not argue the ALJ erred in his step two determination. (Dkt. No. 15.) Indeed, Plaintiff provides no citation to evidence in the record that he was diagnosed with a mental impairment, received treatment for a mental health impairment, or had functional limitations due to a mental health impairment. (*Id*.) The non-examining State agency review physician noted the record failed to contain sufficient evidence concerning mental health impairments. (T. 391-392.) Indeed, as noted by the reviewing physician, Plaintiff failed to provide requested information. (T. 391); *see* 20 C.F.R. § 416.916 ("If you do not give us the medical and other evidence that we need and request, we will have to make a decision based on information available in your case."). Therefore, the alleged "insufficient record" was not due to the ALJ's failure to develop the record, but to Plaintiff's failure to meet his burden of establishing a severe mental health impairment as required under the regulations.

### B. RFC

Plaintiff argues, "[b]ecause the ALJ could not have relied upon the findings of any consultative examiners to formulate his RFC, did not find the sole opinion evidence of

record regarding Plaintiff's physical RFC to be persuasive, and did not make specific citations to the record in support of his RFC; the ALJ's RFC is necessarily based on his own lay opinion." (Dkt. No. 15 at 22-24.) Plaintiff's argument fails.

In general, the RFC is an assessment of "the most [Plaintiff] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1). The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources. *Id*. §§ 416.927(d), 416.945(a)(3), 416.946(c).

An RFC finding "is administrative in nature, not medical, and its determination is within the province of the ALJ, as the Commissioner's regulations make clear." *Curry v. Comm'r Soc. Sec.*, 855 F. App'x 46, n.3 (2d Cir. 2021); *see* 20 C.F.R. § 416.920b(c). An ALJ's RFC determination is not fatally flawed merely because it was formulated absent a medical opinion. The Second Circuit has held that where, "the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017) (internal quotations and citation omitted); *see Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole.").

Additionally, Plaintiff bears the burden to provide evidence to establish the RFC and demonstrate functional limitations that preclude any substantial gainful activity. *See* 20 C.F.R. § 416.912(a); *see also Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012)

("The applicant bears the burden of proof in the first four steps of the sequential inquiry...."); *Poupore v. Astrue*, 566 F.3d 303, 305-306 (2d Cir. 2009) (The burden is on Plaintiff to show that she cannot perform the RFC as found by the ALJ.).

Here, the ALJ did not draw medical conclusions based on his lay opinion. Pursuant to his statutory authority, the ALJ considered the medical and other evidence in the record in its totality to reach an RFC determination.  *See Curry*, 855 F. App'x at 46.  The record contains "more than a mere scintilla" of evidence regarding Plaintiff's functional abilities and the ALJ's analysis of the evidence in the record was adequate to establish a link between the evidence and the RFC.  *Biestek,* 139 S. Ct. 1154.

In determining Plaintiff's RFC, the ALJ relied on the record as a whole, which as noted by the ALJ, contained "extensive records documenting objective observation and treatment and outlining [Plaintiff's] subjective complains."  (T. 89); *see Ramsey v. Comm'r of Soc. Sec.*, 830 F. App'x 37, 40 (2d Cir. 2020) (an ALJ does not impermissibly "forge his own medical opinions based on raw data or reject diagnoses" where the ALJ accurately summarizes the record).  As noted by the ALJ, the record indicated Plaintiff received treatment after a motor vehicle accident in October 2015.  (T. 87.)  The ALJ considered Plaintiff's reports of neck pain, objective assessments of intact range of motion, and objective medical imaging.  (*Id*.)  The ALJ noted Plaintiff's treatment with an orthopedist and chiropractor.  (*Id*.)  Plaintiff reported numbness, stinging, and constricting pain in his neck radiating to his shoulders.  (*Id*.)  The ALJ considered positive findings on examination and notations of improvement with chiropractic treatment.  (*Id*.)

In addition, the ALJ considered objective examinations by Cheryl Hart, M.D. (T. 87.) Dr. Hart observed Plaintiff had difficulty squatting, toe walking, heel walking, and squatting as well as some diminished strength in his right shoulder, elbow, wrist, and intrinsic hand muscles. (T. 87-88.) However, Plaintiff walked with a normal gait and had full strength in his lower extremities. (*Id*.) The ALJ also considered that examinations performed by other providers did not demonstrate the same diminished strength, difficulty heel or toe walking, or difficulty squatting that Dr. Hart did. (*Id*.)

The ALJ noted that in 2017 Plaintiff displayed full flexion in the cervical spine, decreased extension, decreased bending to the left and decreased rotation to the left. (T. 88.) At that time Plaintiff had a normal gait, could stand on heels and toes with good balance and coordination, and walk without an assistive device. (*Id*.) The ALJ noted in April 2017 Plaintiff underwent neck surgery. (*Id*.) Examinations in September 2017 showed normal gait, good balance and coordination, reduced range of motion in the cervical spine, but full functional range of motion in the upper and lower extremities. (*Id*.)

The ALJ considered Plaintiff's second motor vehicle accident in March 2018. (T. 88.) The ALJ considered that Plaintiff's chiropractor observed a stiff guarded gait on examination; however, Dr. Hart observed a normal gait at a contemporaneous exam. (*Id*.) The ALJ considered objective observations that Plaintiff's spine showed decreased range of motion, he had a positive straight leg test, and full strength. (*Id*.) The ALJ considered notations provided by Chris Harker, M.D., indicating conservative care and "modest decreases in pain overall." (*Id*.)

The ALJ considered objective medical imaging perform in 2018. (T. 88.) The ALJ noted Plaintiff received pain management. (*Id.*) Plaintiff reported "30%" relief from medication. (*Id.*) The ALJ considered objective observations of Plaintiff's cervical and lumbar spine. (T. 89.) The ALJ noted that despite diminished range of motion findings Plaintiff displayed the ability to perform a tandem walk, and walk on his heels and toes, and also had grossly normal bilateral lower extremity motor strength. (*Id.*)

After outlining the evidence in the record, the ALJ provided an analysis supporting his RFC determination. The ALJ concluded Plaintiff was limited to sedentary work with frequent but not constant movements with the neck based on the objective findings on examination, such as Plaintiff's ability to ambulate effectively, reduced range of motion in this spine, positive response to pain medication, but some continued pain with movement of the cervical spine. (T. 89.) Although the ALJ's RFC determination did not follow a medical opinion, the ALJ properly summarized the evidence in the record, including Plaintiff's testimony. The ALJ's written decision provided sufficient analysis connecting substantial evidence in the record to the ALJ's RFC determination. Therefore, the ALJ's RFC was proper and supported by substantial evidence.

The Court cannot set aside the ALJ's disability determination unless it finds that the decision is based on either legal error or factual findings that are unsupported by substantial evidence. The "substantial evidence" standard "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S. Ct. at 1154. "[I]t is . . . a very deferential standard of review - even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012). In particular, it requires deference "to the

Commissioner's resolution of conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).

**ACCORDINGLY**, it is

    **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 15) is **<u>DENIED</u>**; and it is further

    **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 16) is **<u>GRANTED</u>**; and it is further

    **ORDERED** that Defendant's unfavorable determination is **<u>AFFIRMED</u>**; and it is further

    **ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u>**.

Dated:    November 8, 2021

/s/ Bill Carter
William B. Mitchell Carter
U.S. Magistrate Judge